**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 04-74-C**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**RAUL BAZAN-CERVANTES,**                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the objection of the defendant, Raul Bazan-Cervantes, to the enhancement for an "aggravated felony" or a "drug trafficking offense" recommended in the Pre-sentence Investigation Report. The court, having reviewed the record and having heard arguments by the parties, will sustain the objection.

**I.      FACTUAL BACKGROUND AND INTRODUCTION**

On November 22, 2004, the defendant pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(b). Based on the defendant's 1999 California conviction for violation of Health and Safety Code Section 11352(a), the probation office recommended a Sentencing Guideline range of 30-37 months (offense level 17, criminal history category III). The United States has no objections to this calculation. The defendant, however, objects, arguing that he should be sentenced below this guideline range because, applying the categorical approach set out in *Taylor v. United States*, 495 U.S. 575 (1990), his prior offense does not qualify for a 12-level enhancement under U.S.S.G. § 2L.1.2(b)(1)(B). The United States argues that, at the

very least, his prior conviction is an "aggravated felony" requiring an 8-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The defendant contends that he should be subject to only a 4-level enhancement under U.S.S.G. § 2L1.2(b)(D), which covers "any other felony," because the prior conviction is neither a "drug trafficking offense" nor an "aggravated felony."

The defendant's prior conviction arose from his guilty plea to a single count, a violation of California Health and Safety Code section 11352(a), which criminalizes the sale, transport, or offer to sell certain controlled substances – in the defendant's case, cocaine. The court must determine whether that offense was a drug trafficking crime, an aggravated felony, or neither. Since the statute criminalizes both the sale of cocaine and an offer to sell or transport cocaine, so-called solicitation offenses, the court must determine whether the defendant pled guilty to the sale of cocaine, which qualifies for an enhancement under U.S.S.G. § 2L1.2(b)(1)(B) or U.S.S.G. § 2L1.2(b)(1)(C), or to an offer to sell or transport cocaine, which does not.

The court must determine how to characterize the defendant's 1999 conviction. To do this, the court must determine what facts and documents it may consider in deciding whether the defendant's prior conviction qualifies for an enhancement. The court must decide whether it may look beyond the fact of conviction to determine whether the defendant committed a drug trafficking offense or an aggravated felony. The answer is critical because it is possible to violate Section 11352(a) without committing either, as in the case of someone who offers to sell or transport cocaine.

Such transportation of cocaine for personal use would not be a drug trafficking offense, as defined in the Application Notes to U.S.S.G. § 2L1.2, nor an aggravated felony, as defined in 8 U.S.C. § 1101(a)(430), and thus, would not be grounds for the 8- or 12-level enhancement the United States seeks.  Put another way, the court must decide whether it may look at the conduct underlying the defendant's prior conviction in applying § 2L1.2(b)(1)(B) or whether it must apply the categorical approach from *Taylor v. United States*, 495 U.S. 575 (1990).  The Sixth Circuit has not decided this issue, and the circuits that have considered it are split.

## II.    LEGAL STANDARD

### A.    Supreme Court Precedent

In *Taylor*, the Supreme Court addressed the issue of whether a defendant's sentence may be enhanced under 18 U.S.C. § 924(e) for commission of a "burglary," when the statute under which he was convicted defined burglary more broadly than typical "generic burglary" statutes.  *Taylor*, 495 U.S. 575.  The Court found that to determine whether the enhancement was applicable, it must look only to the fact of conviction and the statutory definition of the prior offense.   "This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary."  *Id.* at 602.  The *Taylor* court rejected the examination of extrinsic evidence to determine the nature of the underlying offense due to "practical difficulties and potential unfairness" of "an approach that would require the

sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses." *Id.* at 601.

**B.    Circuit Split on Applicability of the Categorical Approach**

Since *Taylor*, several courts have considered to what situations the categorical approach applies. The United States cites cases from the Fifth and Tenth Circuits to support its argument that the categorical approach should not apply in this case.

In the context of determining whether a prior conviction for alien smuggling is an "aggravated felony," the Tenth Circuit has found the categorical approach inapplicable. The Tenth Circuit held that the *Taylor* categorical approach is not a universal rule for all sentencing guideline enhancements; unless the sentencing guidelines limit consideration of the prior offense to the specified elements of the crime, the Tenth Circuit deems the categorical approach inapplicable. "Absence of the language 'as an element' suggests that the [Sentencing] Commission did not intend to limit § 2L1.2(b)(1)(A)(vii) in that way." *United States v. Martinez-Candejas*, 347 F.3d 853, 859 (10th Cir. 2003).

The Fifth Circuit held the categorical approach inapplicable when determining whether a prior conviction is a "drug trafficking offense;" however, it has limited the sentencing court's power to review sources of information about that conviction. In *United States v. Rodriguez-Duberney*, 326 F.3d 613 (5th Circuit 2003), the court rejected the categorical approach because the guideline definition for "drug trafficking offense" did not include the phrase "by its nature," the language that invoked the

4

categorical approach in prior cases.  Further, the court allowed a sentencing court to look at the underlying indictment when determining  whether the prior conviction involved drug trafficking because "there [was] no danger of the district court undertaking an elaborate fact-finding process in order to determine the nature of the defendant's underlying offense." *Id.* at 617.  Just prior to the decision in *Rodriguez-Duberney*, the Fifth Circuit held that the district court was not limited to conduct charged in the indictment, but could go beyond the statute and charging instrument, to determine whether an enhancement was warranted under U.S.S.G. § 2L1.2(b)(1)(A)(viii) because there was no language in the commentary limiting the sentencing court's inquiry. *United States v. Sanchez-Garcia*,, 319 F.3d 677, 678 (5th Cir. 2003).

While the Fifth Circuit Court of Appeals has not overruled *Rodriguez-Duberney*, it did limit its scope with its recent decision in *United States v. Gutierrez-Ramirez*, __ F.3d __, 2005 WL 762664 (5th Cir. April 5, 2005).  There, the court noted that although it declined to use the categorical approach in *Rodriguez-Duberney* the sentencing court did not have "carte blanche authority to consider sources beyond the indictment and jury instructions to determine whether the defendant's prior conviction qualifies for a sentencing enhancement under the Guidelines." *Id.* at *3.  The court held that a California abstract of judgment could not be used to determine whether a prior conviction was a drug trafficking offense for purposes of a sentencing enhancement. *Id.*

5

Conversely, the Ninth Circuit held that the categorical approach must be used when determining whether a predicate conviction is a "drug trafficking offense" or an "aggravated felony."  The Ninth Circuit considered a case involving an enhancement for a prior conviction under the marijuana equivalent of the statute which Mr. Bazan-Cervantes violated. *United States v. Rivera-Sanchez*, 247 F.3d 905 (9th Cir. 2001). The *Rivera-Sanchez* court applied the categorical approach without discussing whether it was required to do so.  Under the categorical approach, the court first analyzed the statute that formed the basis for the sentence enhancement, finding that it was an "extremely broad statute" that criminalized solicitation offenses, which were not aggravated felonies.  Then, because the defendant's conviction did not qualify facially as a predicate offense for the enhancement, the court remanded the case to the district court to analyze whether other judicially noticeable facts existed in the record that would prove such qualification. *Id.* at 909.

The Eleventh Circuit applied the categorical approach when evaluating whether an enhancement for a prior conviction for transporting aliens was appropriate in *United States v. Krawczak*, 331 F.3d 1302 (11th Cir. 2003).  Since the statute under which the defendant was convicted was unambiguous, the district court could not consider the Pre-Sentence Investigation Report or otherwise consider the facts underlying the prior conviction.  In *United States v. Breitweiser*, 357 F.3d 1249 (11th Cir. 2004), the court applied a modified categorical approach when deciding whether to enhance the defendant's sentence for his recidivism.  The court was permitted to look beyond the

6

judgment of conviction because the sentence enhancements were based on the defendant's prior crime or conduct and the statute was ambiguous, in that it encompassed some offenses that would trigger the enhancement and some that would not. *Id.* at 1254.

Cases from the Second Circuit are also instructive.  The District Court for the Southern District of New York  considered whether the categorical approach must be used to determine whether a sentencing enhancement is appropriate in *United States v. Harrison*, 2004 WL 434624 (S.D.N.Y. March 9, 2004).  There, the defendant pled guilty to illegal reentry and had previously been convicted, based on a guilty plea, under the marijuana equivalent of the California code section in question in this case.  The district court found that Second Circuit precedent required application of the categorical approach to all sentencing enhancements based on prior convictions.  In doing so, the district court relied on the Second Circuit's previous opinions applying *Taylor*, including *United States v. Amaya-Benitez*, 69 F.3d 1243 (2d Cir. 1995).

The Second Circuit held in *Amaya-Benitez* that a sentencing court "may not look to facts underlying a predicate conviction to justify a departure from guideline-imposed sentence on the basis of mitigating or aggravating circumstances surrounding such conviction." *Amaya-Benitez*, 69 F.3d at 1249.  In reaching this conclusion, the court relied on the Supreme Court's reasoning in *Taylor* finding that it was "easily applied" to the case. Like 18 U.S.C. § 924(e), the statute at issue in *Taylor*, 8 U.S.C. § 1326, the statute in *Amaya-Benitez*, concerned only a conviction, rather than the commission

7

of an aggravated felony, and nothing in § 1326 expressly permitted a sentencing court to review prior convictions.  Additionally, the court expressed an interest in the finality of the prior judgment.

> In *Harrison*, the court noted that:
>
> From a policy perspective, *Taylor* and *Amaya-Benitez* make sense; a sentencing court should not serve as a fact-finder with respect to the underlying offense.  Such a task would be unduly burdensome, requiring the court to conduct a mini-trial in a case where a final judgment was entered years before.  The sentencing court's sole task should be to determine whether the predicate crime meets the criteria set forth in a statute or guideline.

*Harrison*, 2004 WL 434624 at *4.  The Second Circuit holding was interpreted to mean that the sentencing court may look beyond the statute of conviction in a narrow range of cases as set out in *Taylor*, "consistent with the idea that the sentencing court is not, and should not be, a fact-finder . . . ."  *Id.*  When doing so, the court is limited in what it may consider in determining whether the predicate offense fits the statutory definition.

## III.   ANALYSIS

### A.   Applicability of the Categorical Approach

The court finds that when reviewing whether an enhancement under U.S.S.G. § 2L.1.2(b)(1)(B) or U.S.S.G. § 2L.1.2(b)(1)(C) is appropriate, the court must apply the categorical approach set out in *Taylor.*  This approach is supported by the reasoning in *Taylor* – the language of the statute supports the inference that this is the approach Congress intended, there is nothing in the  legislative history to indicate that Congress

8

intended for the court to engage in an elaborate factfinding process regarding prior offenses, and the practical difficulties and potential unfairness of the factual approach are daunting.  The court may not look at the underlying facts surrounding the offense to determine whether it qualifies as an "aggravated felony" or a "drug trafficking offense."

As the district court noted in *Harrison*, looking to the facts of the underlying conviction would be unduly burdensome for the court; it would require the court to engage in an elaborate fact-finding process.  To do this would cause this court, the sentencing court, to sit as a juror, "analyzing the allegations and facts of the underlying offense and drawing [its] own conclusion.  This is precisely what *Taylor* does not allow." *Harrison*, 2004 WL 434624, at * 8.  As *Taylor* recognized, however, there are limited times when the sentencing court may need to look further than the statute under which the defendant was convicted – when the statute covers more than a single type of conduct, some that meet the statutory definition at issue and some that do not.  The court is limited to certain judicially noticeable facts in that situation.

The need to use the categorical approach is also supported, if not directly, then by analogy, by the Supreme Court's recent decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 728 (2005).  In *Booker*, the Court held that any fact, other than a prior conviction, necessary to support a sentencing enhancement, must be admitted by the defendant or proved to a jury beyond a reasonable doubt.  While the *Booker* court

9

noted that a sentencing court may enhance a sentence for a "prior conviction" without the defendant's admission or a jury finding, it does not support a rule permitting a sentencing court to look beyond the fact of conviction to the underlying facts.  A rule that permits a sentencing court to take on the role of a factfinder is incompatible with the holding in *Booker* that the Sixth Amendment is violated when facts supporting a sentencing enhancement are not admitted by the defendant or proven to a jury beyond a reasonable doubt.  A court finding that a prior conviction exists is not the same as the court guessing what facts the convicting jury found persuasive or what facts the defendant believed supported his or her guilty plea.  The *Taylor* approach provides the opportunity for the court to look beyond the fact of conviction, in limited cases, only at certain facts that were either previously admitted by the defendant or proven to a jury beyond a reasonable doubt.

Support for this analog is found in the Supreme Court's decision in *Shepard v. United States*, __ U.S. __, 125 S.Ct. 1254 (2005),wherein the Court revisited *Taylor*. There, the plurality opinion held that "[d]evelopments in the law since *Taylor* . . . provide a further reason to adhere to the demanding requirement that any sentence under the [Armed Career Criminal Act] rest on a showing that a prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to generic burglary."  The Court upheld the *Taylor* categorical approach, stating that the *Taylor* court "anticipated the very rule later imposed for the sake of preserving the Sixth Amendment right, that any fact other than a prior conviction sufficient to raise the

10

limit of the possible federal sentence must be found by a jury in the absence of any waiver of the rights by the defendant." *Id.* at 1262 citing *Jones v. United States*, 526 U.S. 227, 243, n. 6 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

**B.     Characterizing the Predicate Offense**

Under the *Taylor* categorical approach the court must first analyze the California statute under which the defendant was convicted to determine whether it is ambiguous.  Second, if the statute is ambiguous, the court must examine judicially noticeable facts to determine whether it qualifies as a predicate offense for enhancement purposes.

The predicate conviction in this case was for a violation of Section 11352(a) of the California Health and Safety Code, which criminalizes both the sale of cocaine, which qualifies for an enhancement as "drug trafficking" or an "aggravated felony," and an offer to sell or transport cocaine, which does not qualify for such an enhancement because it is a solicitation offense.  Since the convicting statute is ambiguous, the court will examine certain easily produced and evaluated court documents, including the judgment of conviction, charging papers, plea agreement, plea minutes, pre-sentence report adopted by the court, and the findings of the sentencing judge to guide it in determining whether the crime falls within the statutory definition of "aggravated felony" or "drug trafficking offense."[1]

_____

[1] The Supreme Court's decision in *Shepard* supports the application of *Taylor* to prior convictions based on guilty pleas.  There the predicate offense was based on a guilty plea and the Court found that a sentencing court could consider the plea agreement, transcript of plea colloquy, or a record of comparable findings of fact

The United States has failed to present sufficient evidence to establish that the prior conviction qualifies for either of these enhancements.  None of the documents produced establish that the defendant was convicted for the sale or transportation of cocaine instead of the offer to sell it.  The plea minutes merely establish that the defendant pled guilty to Count 1 of the indictment, which encompassed the sale, transportation, or offer to sell a controlled substance.  The transcript of the plea colloquy from the prior conviction does not delineate what facts the defendant believed made him guilty of violating the California code section.  There is nothing in the transcript to indicate that he was pleading guilty to the sale of cocaine rather than the transportation or offer to sell cocaine.  The only other evidence that the United States presents is a police report regarding the prior case.  As the Supreme Court found in *Shepard*, a police report is not judicially noticeable for sentence enhancement purposes, so this court will not consider it.  *Shepard*, 125 S.Ct. 1254.

Consequently, the court finds that the government has not met its burden to prove that the predicate conviction qualifies as a "drug trafficking offense" or an "aggravated felony."  As in *Shepard*, "the disputed fact here can be described as a fact about a prior conviction, it is too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones* and *Apprendi*" for this court to resolve the dispute.  *Shepard*, 125 S.Ct. at 1262.  Consequently, the court will not apply a 12- or 8-level enhancement; instead, it will classify the prior

---

adopted by the defendant upon entering a plea because they are the closest analogs to jury instructions.  *Shepard*, 125 S.Ct. at 1259-60.

conviction as "any other felony" and apply a 4-level enhancement pursuant to §

2L.1.2(b)(D).  Accordingly,

   **IT IS ORDERED** that the defendant's objections to the Pre-Sentence

Investigation Report regarding the enhancement for a "drug trafficking" offense or an

"aggravated felony" are **SUSTAINED**.


   Signed on  May 3, 2005


**Jennifer B. Coffman, Judge**
**United States District Court**


13